# Carman *versus* Garrison.

Where the maker of a note, who put it into the hands of a broker, for sale or for advance, is sued by one who had advanced money upon it, he cannot set off a claim alleged to be due to the broker, by the holder, who advanced upon it.

ERROR to the District Court of the City and County of *Philadelphia.*

This was a suit by Garrison against Carman—Carman, defend-

ant below and plaintiff in error, issued his note for $1,864 90, dated June 5th, 1839, at three months, and placed it in the hands of Oliver, a note broker, "either for sale or an advance."

Garrison, the plaintiff below, advanced $800 on the above note, and brought suit to recover this amount with interest.

On the trial it appeared that Oliver had not paid the $800 over to Carman, whom, as he alleged, he believed at that time to be in his debt, but had given him a credit for it to that amount; also, that Oliver had previously placed in the hands of Garrison, to secure him, in a loan of $1,500, made by him to the firm of E. B. & D. W. Mixsells, collaterals, much exceeding that amount in value.

In this suit, Carman, the defendant, claimed to set off any balance that might be due to Oliver from Garrison, on the Mixsell transaction, against the $800 advanced by Garrison to Oliver for Carman.

The court were requested by defendant to charge the jury:

1. That if the plaintiff had in his hands at the commencement of this suit, an amount of money to which William Oliver was entitled, sufficient to satisfy the $800 and interest advanced on the note in question, then the plaintiff cannot recover.

2. That any money in the hands of plaintiff to which William Oliver is entitled, may be deducted from the claim in this case.

3. That plaintiff is not entitled to recover under the evidence given.

To all of which the court answered adversely, and charged in favor of plaintiff; whereupon, the defendant's counsel tendered, and the court sealed a bill of exceptions.

*Samuel H. Perkins*, for plaintiff in error.
*Hazlehurst* and *T. W. Hubbell*, for defendant in error.

The opinion of the Court was delivered by

BURNSIDE, J.—Our provincial statute of 1705, *Dunlop*, 2d edition, 45, although more liberal than the British act, the 2d of *George* 2d, chap. 2, confines defalcation or set off, to persons dealing together and indebted to each other on bonds, bills, bargains, accounts or the like.

Our courts, in their construction, have generally confined it to mutuality of claim due in the same right.

It is true, they have been very liberal in their construction, and there are exceptions found in our books of reports carrying out the liberal and valuable principle of this ancient statute. But no case can be found to have gone to the extent of the alleged claim attempted to be set off in this case. Oliver received the note in suit, drawn by Carman in the capacity of a note broker, either for sale or an advance. He received on the note, for Carman, the drawer, $800. Whether Oliver acted honestly or otherwise, to

[Carman *v.* Garrison.]

Carman, in paying over the money, is immaterial to Garrison. Garrison did all he engaged to do, and properly paid the sum he thought proper to advance on the note, to the broker. It was not his business to look further. Carman is now called on to pay the $800 received by his agent from Garrison, and attempts to set off an alledged balance arising out of prior dealings on the paper of the firm of Mixsell, alledging that the balance was arising from collaterals placed in the hands of Garrison, which Oliver insisted belonged to him, and which Garrison acknowledged, but claimed to place to another account of a debt due from Oliver. This offer of set off is not within the act of assembly, or within the principles settled by any adjudged case, and the court was right in rejecting the offer.